UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>EDDY PENA,<br>    *Defendant*. | No. 3:17-cr-263-2 (MPS) |

**RULING**

On February 20, 2019, Mr. Pena was found guilty after a trial in the District of Connecticut of one count of conspiracy to distribute, and to possess with intent to distribute, one kilogram or more of a mixture and substance containing a detectable amount of heroin. The parties' familiarity with the background of this case is presumed. On February 19, 2019, at the close of the government's case, Mr. Pena moved for a judgment of acquittal under Rule 29. For the reasons set forth below, Mr. Pena's Rule 29 motion is DENIED.

**I.    Legal Standard**

Under Rule 29, a "court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Rule 29 "standard imposes a heavy burden on the defendant, whose conviction must be affirmed if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *U.S. v. Florez*, 447 F.3d 145, 154 (2d Cir. 2006) (citations and quotation marks omitted). In assessing the sufficiency of the evidence on such a motion, the Court is "obliged to view the evidence in its totality and in the light most favorable to the prosecution, mindful that the task of choosing among permissible competing inferences is for the

jury, not a reviewing court." *Id*. at 154-55. Because Mr. Pena made his motion a the close of the government's case, at which point I reserved decision, I "must decide the motion on the basis of the evidence at th[at] time," Fed. R. Crim. P. 29(b).[1]

II.     Discussion

To sustain its burden of proof, the government introduced the testimony of a cooperating witness, transcripts of calls and text messages between members of the conspiracy, videos of Mr. Pena's interviews with law enforcement officers, the testimony of law enforcement officers, lab reports from the Drug Enforcement Agency, and photographs of evidence obtained from various searches.

Regarding the conspiracy, the cooperating witness testified in some detail that he used to drive Mr. Pena to various locations where Mr. Pena would then sell heroin. He also testified about other individuals in the conspiracy and their relationship with Mr. Pena. The government also introduced videos of Mr. Pena's interviews with law enforcement officers in which Mr. Pena makes comments about supplying people with heroin so that they could then sell it to others. In addition, the government introduced transcripts of text messages and phone calls that revealed discussions between various individuals who were identified as members of the conspiracy by the cooperating witness and by Mr. Pena's own comments in the interviews with law enforcement; in these calls and text messages, members of the conspiracy discuss the sale and distribution of heroin. There was also testimony from several law enforcement officers who searched homes and found Mr. Pena, several other individuals, heroin, heroin-packaging

---

[1] Mr. Pena did not put on a case. As such, the evidence at the time of the Rule 29 motion is all the evidence submitted in the case.

materials, and cash inside. The government also introduced photographs of the items and people found at these locations.

Regarding the quantity involved in the conspiracy, the cooperating witness testified that he would drive Mr. Pena several times a week to sell heroin and that he would receive amounts ranging from several hundred dollars to one thousand dollars in irregular intervals for this work. He also testified that later, when he and Mr. Pena were working with another co-conspirator, Mr. Pena would obtain up to two kilograms of heroin per month from a Guatemalan supplier. The government also introduced lab reports from the Drug Enforcement Administration showing the quantity of heroin that was seized from Mr. Pena and from addresses at which he was located. As noted above, the government introduced the testimony of law enforcement officers, several of whom testified that Mr. Pena flushed something down the toilet when they entered one of the homes to search it. They also testified to finding hundreds of plastic baggies, tens of thousands of dollars in cash, and several cellphones at these locations. And as discussed above, the government also introduced photographs of evidence found at these locations, including photographs of a digital scale, plastic baggies, and a drug ledger with names and quantities listed inside. Finally, in the videos of Mr. Pena's interviews with law enforcement officers, he discusses the amount of heroin he was able to obtain from his suppliers and the amount he typically supplied to others. For instance, during one of these interviews, he told law enforcement that he supplied a particular co-conspirator with 150 to 200 grams of heroin every few weeks.

I find that the evidence, when viewed in the light most favorable to the government, was sufficient for a reasonable jury to find that Mr. Pena knowingly and intentionally conspired to

violate the narcotics laws and that the conspiracy involved one kilogram or more of a mixture and substance containing heroin.

### III. Conclusion

For the reasons set forth above, Mr. Pena's Rule 29 motion for a judgment of acquittal is DENIED.

IT IS SO ORDERED.

/s/  MICHAEL P. SHEA
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           April 15, 2019